(No. 1851—

PRONGER CONSTRUCTION COMPANY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 8, 1931.*

PRONGER CONSTRUCTION COMPANY, pro se.

OSCAR E. CARLSTROM, Attorney General; CARL I. DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE ROE delivered the opinion of the court:

This is a suit brought by the claimant, Pronger Construction Company, a corporation, of the City of Blue Island, County of Cook, State of Illinois, against the defendant, State of Illinois, to recover damages caused by the cancellation of

road construction contract No. 4536 on State Bond Issue Route No. 49, Section 146-X, awarded on the 12th day of September, 1931.

The facts in this case are as follows: That after the complainant commenced performance under the said contract it received a notice from the respondent on the 6th day of October, 1931, through its Division of Highways, Department of Public Works and Buildings, that no payments could be made for work done under the contract for the reason that the "Prevailing Wage Law" under which the contracts had been let was held to be invalid and void by the courts of this State and that in the event the claimant proceeded further under the said contract, it did so at its own peril. When this notice was received the complainant had already completed work under the contract costing $4,940.30, for which the claimant asked damages, and the State was then and there so notified.

Thereupon, the Division of Highways, Department of Public Works and Buildings, of the State of Illinois, through its Director and Chief Highway Engineer, reached an agreement in settlement of the damages caused as aforesaid and stipulated to make payment in the sum of $4,940.30. The Attorney General has approved of the said settlement and stipulation; but the Division of Highways could not pay the claim and therefore recommended that a claim be filed with this court.

As there is no dispute as to the facts presented in the claimant's declaration, and the evidence establishes the claimant's right of action, the court is of the opinion that the claim is reasonable and should be paid. The court accordingly awards the claimant the sum of $4,940.30.